# PHILLIPS DAYES

NATIONAL EMPLOYMENT LAW FIRM

*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Borgstrom; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| M&M Dentistry, Inc., an Arizona corporation; Lubomir Mihaylov and Maria Mihaylov, husband and wife | **JURY DEMAND** |

Plaintiff Kelly Borgstrom, for her Complaint against Defendants, avers as follows:

### NATURE OF THE CASE

1.      The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.      Employers must compensate employees for all work that employers permit

1  employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

2  employers' management to ensure that work is not performed if management does not

3  desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept

4  the benefits of employees performing work without compensating the employees for their

5  work. *Id.*

6      3.    Plaintiff brings this action against Defendants for unlawful failure to pay

7  overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

8  *seq.* ("FLSA").

9      4.    Defendants had a consistent policy and practice of requiring its employees to

10 work well in excess of forty (40) hours per week without paying them time and a half for

11 hours worked over forty (40) hours per week.

12     5.    Plaintiff seeks to recover unpaid overtime compensation and an equal amount

13 of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and

14 costs pursuant to 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

15     6.    This Court has jurisdiction over the subject matter and the parties hereto

16 pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

17     7.    Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within

18 the State in which this District Court is located and because a substantial part of the

19 events or omissions giving rise to this matter occurred in this District.

## PARTIES

9.      At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

10.      At all times material hereto, M&M Dentistry, Inc., was incorporated in the State of Arizona and has its principal place of business at 1150 North Country Club Drive #4, Mesa, Arizona 85201.

11.      Upon information and belief, at all times material hereto, Defendant Lubomir Mihaylov, was and continues to be a resident of Maricopa County, Arizona.

12.      Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Lubomir Mihaylov was and is the owner of M&M Dentistry, Inc.

13.      Maria Mihaylov is Lubomir Mihaylov's wife.  Lubomir and Maria Mihaylov have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

14.   At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

15.   The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

16.   At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17.   Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18.   All Defendants are co-equally liable for all matters.

19. On information and belief, Defendant Lubomir Mihaylov made all decisions on the daily activities of their employees and makes all decisions regarding pay policies and exerted financial and operative control over M&M Dentistry, Inc. as is therefore individually liable under the FLSA.

20. On information and belief, Defendant Lubomir Mihaylov had the power to close M&M Dentistry, Inc.

21. On information and belief, Defendant Lubomir Mihaylov had the power to hire and fire employees.

22. On information and belief, Defendant Lubomir Mihaylov hired managerial employees.

23. On information and belief, Defendant Lubomir Mihaylov maintained employment records.

24. On information and belief, Defendant Lubomir Mihaylov dictated the corporate message in pending labor investigations.

25. Defendant Lubomir Mihaylov profited from the FLSA violations detailed in this complaint.

26. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

27. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

# FACTUAL BACKGROUND

28.   M&M Dentistry hired Plaintiff in May 2011 as a dental assistant.

29.   Plaintiff's responsibilities included checking patients in and out, collected money from patients, answering the phones, cleaning the entire office, setting up the treatment rooms, assisting the dentist in treatment rooms during treatment, making office supplies orders at the request of management and tracking inventory.

30.   M&M Dentistry would compensate Plaintiff on a bi-weekly salary.

31.   Plaintiff was a non-exempt employee. She should have been paid an hourly rate, not salary.

32.   Plaintiff had no real supervision or management responsibilities.

33.   Plaintiff could neither hire nor fire employees.

34.   Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

35.   Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

36.   Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of M&M Dentistry or its' customers.

37.   Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

38.   Plaintiff did not perform work requiring advanced knowledge.

39.   During this period, Plaintiff routinely worked in excess of forty hours per week for M&M Dentistry without receiving overtime compensation.

40.   Plaintiff has retained the law firm of Phillips Dayes Law Group PC to prosecute her claims against Defendants on her behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

41.   Plaintiff incorporates and adopts paragraphs 1 through 40 above as if fully set forth herein.

42.   While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

43.   Plaintiff was a non-exempt employee.

44.   Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

45.   On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

46.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

47.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

48.   In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

49.   On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

50.   Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a.   Awarding Plaintiff overtime compensation in the amount due for all of her time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

    b.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**DECLARATORY JUDGMENT**

51.  Plaintiff incorporates and adopts paragraphs 1 through 50 above as if fully set forth herein.

52.  Plaintiff and Defendants have an overtime compensation dispute pending.

53.  The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

54.  Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

a.  Defendants employed Plaintiff.

b.  Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

c.  Plaintiff individually is covered by the overtime provisions of the FLSA.

d.  Plaintiff was not an exempt employee pursuant to the FLSA.

e. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

f. Defendants' failures to pay overtime compensation to Plaintiff were willful.

g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

h. Plaintiff is entitled to an equal amount as liquidated damages.

i. Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

55. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

56. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiff her reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

1

    c.  For such other and further relief as the Court deems just and proper

2

**<u>DEMAND FOR JURY TRIAL</u>**

3

      Plaintiff and all similarly situated employees hereby request that, upon trial of this

4

action, all issues be submitted to and determined by a jury except those issues expressly

5

reserved by law for determination by the Court.

6

      Dated: July 23, 2014

7

                  Respectfully submitted,

8

9

                  **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

10

                  By: <u>/s/ Trey Dayes</u>

11

                      Trey Dayes

                      Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25